IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Kem Hardiman,<br><br>Plaintiff,<br><br>v.<br><br>Westlake Services, LLC, John Does I-X and Michigan Recovery Services Inc.,<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

## NATURE OF ACTION

1. Plaintiff Kem Hardiman ("Plaintiff") brings this action against Defendants Westlake Services, LLC ("Westlake"), John Does I-X ("Does I-X"), and Michigan Recovery Services Inc. ("MRS") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Article 9 of the Uniform Commercial Code, Mich. Comp. Laws Serv. § 440.9101 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367, and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

1

## THE FAIR DEBT COLLECTION PRACTICES ACT

4. Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) (citing 15 U.S.C. § 1692(e)).

5. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

6. For the purpose of 15 U.S.C. § 1692f(6), a "debt collector" also includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6).

7. The FDCPA prohibits such persons, such as tow operators or repossession companies, from taking any nonjudicial action to effect dispossession or disablement of property if there is no present right to take possession of the property. 15 U.S.C. § 1692f(6).

## THE UNIFORM COMMERCIAL CODE

8. "Article 9 of the UCC is a comprehensive statutory scheme governing the rights and relationships between secured parties, debtors, and third parties."

2

*McCullough v. Goodrich & Pennington Mortg. Fund, Inc.*, 373 S.C. 43, 53, 644 S.E.2d 43, 49 (2007).

9. Article 9 serves "to provide a simple and unified structure within which the immense variety of present-day secured financing transactions can go forward with less cost and with greater certainty." *Haas' Estate v. Metro–Goldwyn–Mayer, Inc.*, 617 F.2d 1136, 1140 (5th Cir. 1980).

10. After a default, the UCC gives secured parties the right to repossess collateral. *See* Mich. Comp. Laws Serv. § 440.9609.

11. There is one restriction, however, which the law imposes upon this right. It must be exercised without provoking a breach of the peace; and, if a secured party finds that it cannot get possession without committing a breach of the peace, it must stay its hand, and resort to the law. *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 152 (Tex. 1992).

12. This is so because the preservation of peace, "is of more importance to society than the right of the owner of a chattel to get possession of it." *Willis v. Whittle,* 82 S.C. 500, 64 S.E. 410 (1909); *see also Singer Sewing Mach. Co. v. Phipps,* 49 Ind.App. 116, 94 N.E. 793 (1911) (quoting 3 William Blackstone, Commentaries *4) ("[T]his natural right of recaption shall never be exerted, where such exertion must occasion strife . . . or endanger the peace of society.").

3

## PARTIES

13. Plaintiff is a natural person who at all relevant times resided in Port Huron, Michigan.

14. Plaintiff is allegedly obligated to pay a debt to Westlake.

15. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal vehicle loan (the "Debt").

16. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

17. Westlake is a California limited liability company that regularly takes assignment of consumer vehicle loans.

18. Westlake is duly authorized to conduct business in Michigan and does so regularly.

19. Plaintiff is ignorant of the true names and/or capacities, whether individual, partnership, limited partnership, corporate, or otherwise, of the defendants sued herein as Does I-X, and therefore sues such defendants by such fictitious names until such times as their true names and/or capacities are ascertained.

20. Does I-X are persons and/or entities that at all relevant times were acting as repossession agents working at the behest of Westlake.

21. At all relevant times, Does I-X were persons or entities using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

22. Does I-X are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

23. MRS is a Michigan corporation that conducts business in this district.

24. MRS is a repossession company.

25. MRS derives the majority of its earnings from the repossession of vehicles.

26. MRS uses the telephone in the operation of its business.

27. MRS uses the internet in the operation of its business.

28. MRS uses the roads in the operation of its business.

29. MRS uses the highways in the operation of its business.

30. At all relevant times, MRS was acting as a repossession agent working at the behest of Does I-X and Westlake.

31. At all relevant times, MRS was an entity using instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

32. MRS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

33. On or about February 24, 2023, Plaintiff purchased a 2011 GMC Yukon (the "Vehicle") from non-party Law Auto Sales.

34. Plaintiff financed his purchase of the Vehicle and executed a retail installment sales contract (the "Contract") with Law Auto Sales.

35. As part of the Contract, Law Auto Sales and its assignees obtained a security interest in the Vehicle.

36. The Vehicle constitutes "collateral" as defined by Mich. Comp. Laws Serv. § 440.9102(1)(*l*).

37. Thereafter, the Contract was assigned to Westlake.

38. Westlake is a "secured party" as defined by Mich. Comp. Laws Serv. § 440.9102(1)(sss).

39. Plaintiff purchased the Vehicle for his own personal, family, and household use.

40. The Vehicle constitutes "consumer goods" as defined by Mich. Comp. Laws Serv. § 440.9102(1)(w).

41. Thereafter, Westlake engaged its repossession agent, Does I-X, to repossess Plaintiff's Vehicle.

42. Does I-X in turn hired MRS to carry out the actual repossession.

43. On February 9, 2024, MRS went to Plaintiff's home to repossess the Vehicle.

44. At this time, the Vehicle as parked behind another vehicle at Plaintiff's residence.

45. MRS made contact with Plaintiff and asked him to move the other vehicle so that MRS could repossess the Vehicle.

46. Plaintiff refused to do so.

47. MRS threatened Plaintiff in an attempt to intimidate him into complying with its request.

48. Plaintiff still refused and entered the Vehicle.

49. MRS then called the police for assistance with the repossession.

50. Thereafter, a police officer arrived on the scene and assisted with the repossession.

51. The officer ordered Plaintiff out of the Vehicle under threat of arrest.

52. The officer detained Plaintiff to facilitate the repossession.

53. With the officer's assistance, MRS completed the repossession.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692f(6)(A)
### MRS AND DOES I-X

54. Plaintiff repeats and re-alleges each factual allegation contained above.

55. Michigan law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." Mich. Comp. Laws Serv. § 440.9609.

56. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id.*

57. A repossession agent breaches the peace if it continues with a repossession over a consumer's protest. *See Marcus v. McCollum,* 394 F.3d 813, 820 (10th Cir. 2004); *Dixon v. Ford Motor Credit Co.*, 72 Ill. App. 3d 983, 988, 391 N.E.2d 493, 497 (1979); *Hollibush v. Ford Motor Credit Co.*, 179 Wis. 2d 799, 812, 508 N.W.2d 449, 455 (Ct. App. 1993) ("We conclude that the undisputed fact is that Hollibush or her fiancé told FMCC's agent that he was not to repossess the vehicle, and that he nonetheless did so. We conclude that this constitutes a breach of the peace."); *Ford Motor Credit Co. v. Cole*, 503 S.W.2d 853, 855 (Tex. Civ. App. 1973), *dismissed* (Apr. 3, 1974) (because consumer protested repossession secured party was forced to either go to court or repossess vehicle at time when the consumer would not notice and protest); *Census Fed. Credit Union v. Wann*, 403 N.E.2d 348, 352 (Ind. Ct. App. 1980) ("[I]f [a] repossession is verbally or otherwise contested at the actual time of and in the immediate vicinity of the attempted repossession by the defaulting party or other person in control of the chattel, the secured party must desist and pursue his remedy in court."); *First & Farmers Bank*

*of Somerset, Inc. v. Henderson*, 763 S.W.2d 137, 140 (Ky. Ct. App. 1988) ("[I]t is clear that repossession in the face of the debtor's objection constitutes a breach of the peace."); *Morris v. First Nat. Bank & Tr. Co. of Ravenna*, 21 Ohio St. 2d 25, 30, 254 N.E.2d 683, 686 (1970); *Hopkins v. First Union Bank of Savannah*, 193 Ga. App. 109, 110, 387 S.E.2d 144, 146 (1989) (agreeing with most courts that repossession in the face of a debtor's oral protest constitutes a breach of the peace); *Martin v. Dorn Equip. Co.*, 250 Mont. 422, 427, 821 P.2d 1025, 1028 (1991) (quoting J. Sheldon & R. Sable, *Repossessions,* § 6.3 (1988)) ("[T]he general rule is that the creditor cannot . . . seize any property over the debtor's objections.").

58. Plaintiff protested the repossession.

59. Once Plaintiff protested the repossession, MRS lost the right to continue with the repossession.

60. Nonetheless, MRS continued with its repossession and thereby breached the peace.

61. Additionally, summoning the police to assist in a repossession constitutes a constructive use of force and is a breach of the peace. *See Stone Mach. Co. v. Kessler*, 1 Wash. App. 750, 757, 463 P.2d 651, 655 (1970); *see also Albertorio-Santiago v. Reliable Fin. Services*, 612 F. Supp. 2d 159 (D. P.R. 2009) (breach of peace has occurred because presence of officer is sufficient to chill exercise of debtor's rights, and creditor must resort to judicial intervention); *In re*

*MacLeod*, 118 B.R. 1 (Bankr. D.N.H. 1990) (off-duty police restrained debtor from objecting; held to violate U.C.C. § 9-503); *Walker v. Walthall*, 588 P.2d 863 (Ariz. Ct. App. 1978); *Dolphin Truck Leasing v. Gen. Motors Acceptance Corp.*, 340 So. 2d 1278 (Fla. Dist. Ct. App. 1977); *Fulton v. Anchor Sav. Bank*, 452 S.E.2d 208 (Ga. Ct. App. 1994) (police order to give up car precludes voluntary surrender); *Firebaugh v. Gunther*, 233 P. 460 (Okla. 1925); *Harris v. Cantwell*, 614 P.2d 124 (Or. Ct. App. 1980).

62. By summoning the police for assistance and/or enlisting them to help in the repossession, MRS breached the peace.

63. A repossession agent's breach of the peace negates a right to possession. *See Clark v. PAR, Inc.*, No. CV1502322MWFFFMX, 2015 WL 13781846, at *5 (C.D. Cal. July 22, 2015) (collecting cases); 15 U.S.C. § 1692f(6); *see also Oliver v. ARS Ohio LLC*, No. 5:18-CV-967, 2019 WL 343249, at *4 n. 5 (N.D. Ohio Jan. 28, 2019) (noting that under applicable law, "a security-interest enforcer loses its right to present possession of the collateral if it breaches the peace"); *Wright v. Santander Consumer USA, Inc.*, No. 618CV263ORL22KRS, 2018 WL 2095171, at *4 (M.D. Fla. May 1, 2018) ("If a repossession agency breaches the peace during a self-help repossession, then it loses its right to present possession of the collateral."); *Vantu v. Echo Recovery, L.L.C.*, 85 F. Supp. 3d 939, 943 (N.D. Ohio 2015) ("In general, a security-interest enforcer loses its right to

present possession of the collateral if it breaches the peace."); *Alexander v. Blackhawk Recovery & Investigation, L.L.C.*, 731 F. Supp. 2d 674, 680 (E.D. Mich. 2010); *Fleming-Dudley v. Legal Investigations, Inc.*, No. 05 C 4648, 2007 WL 952026, at *5 (N.D. Ill. Mar. 22, 2007); *Purkett v. Key Bank USA, Inc.*, No. 01 C 162, 2001 WL 503050, at *2 (N.D. Ill. May 10, 2001)

64. By continuing the repossession after the peace was breached, MRS violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession.

65. Does I-X, as the debt collectors that hired MRS, are liable for MRS's FDCPA violation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that MRS violated 15 U.S.C. § 1692f(6)(A);

b) Adjudging that Does I-X, as the debt collectors that hired MRS, are liable for MRS's FDCPA violation;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF MICH. COMP. LAWS SERV. § 440.9609
## WESTLAKE

66. Plaintiff repeats and re-alleges each factual allegation contained above.

67. Michigan law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." Mich. Comp. Laws Serv. § 440.9609.

68. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id*.

69. Secured creditors have a nondelegable duty not to breach the peace when they repossess secured collateral. Mich. Comp. Laws Serv. § 440.9609 at Official Comment 3 ("In considering whether a secured party has engaged in a breach of the peace, however, courts should hold the secured party responsible for the actions of others taken on the secured party's behalf, including independent contractors engaged by the secured party to take possession of collateral"); *see also*

*Doucette v. Belmont Sav. Bank*, No. ESCV20161596D, 2017 WL 2427566, at *2 (Mass. Super. Apr. 14, 2017); *Binion v. Fletcher Jones of Chicago, Ltd.*, 2014 IL App (1st) 131710-U, ¶ 19; *Rand v. Porsche Fin. Servs.*, 216 Ariz. 424, 434, 167 P.3d 111, 121 (Ct. App. 2007) ("[W]e hold that the nondelegable duty exception applies to independent contractors hired to accomplish the self-help repossession of a motor vehicle."); *Williamson v. Fowler Toyota, Inc.*, 1998 OK 14, 956 P.2d 858; *DeMary v. Rieker*, 302 N.J. Super. 208, 695 A.2d 294 (App. Div. 1997); *Robinson v. Citicorp Nat. Servs., Inc.*, 921 S.W.2d 52, 55 (Mo. Ct. App. 1996); *Mauro v. Gen. Motors Acceptance Corp.*, 164 Misc. 2d 871, 876, 626 N.Y.S.2d 374, 377 (Sup. Ct. 1995); *Clark v. Assocs. Commercial Corp.*, 877 F. Supp. 1439, 1448 (D. Kan. 1994); *Hester v. Bandy*, 627 So. 2d 833, 843 (Miss. 1993); *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 154 (Tex. 1992); *Sammons v. Broward Bank*, 599 So. 2d 1018, 1019 (Fla. Dist. Ct. App. 1992); *McCall v. Owens*, 820 S.W.2d 748, 752 (Tenn. Ct. App. 1991); *Massengill v. Indiana Nat'l Bank,* 550 N.E.2d 97, 99 (Ind. Ct. App.1990); *Nichols v. Metro. Bank*, 435 N.W.2d 637, 640 (Minn. Ct. App. 1989); *Gen. Fin. Corp. v. Smith*, 505 So. 2d 1045, 1047 (Ala. 1987); *Henderson v. Security Nat'l Bank,* 72 Cal. App.3d 764, 140 Cal. Rptr. 388, 390–91 (1977).

70. Westlake's repossession agent, MRS, breached the peace by continuing its repossession in the face of Plaintiff's protest and by enlisting the help of law enforcement officers with the repossession.

71. Westlake violated Mich. Comp. Laws Serv. § 440.9609 when its repossession agents, MRS, breached the peace during its repossession.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Westlake violated Mich. Comp. Laws Serv. § 440.9609;

b) Awarding Plaintiff statutory damages, pursuant to Mich. Comp. Laws Serv. § 440.9625;

c) Awarding Plaintiff actual damages, pursuant to Mich. Comp. Laws Serv. § 440.9625;

d) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

e) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

72. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: November 1, 2024

        Respectfully submitted,

        s/Jose F. Gill
        Jose F. Gill
        Thompson Consumer Law Group, PC

           11445 E Via Linda, Ste. 2 #492
           Scottsdale, AZ 85259
           Telephone: (602) 388-8836
           Facsimile: (866) 317-2674
           jgill@ThompsonConsumerLaw.com
           Attorneys for Plaintiff